AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of West Virginia

| | | |
|---|---|---|
| United States of America<br>v.<br><br>Makel Elboghdady<br><br>*Defendant(s)* | ) ) ) ) ) ) ) ) | Case No.<br><br>3:20-mj-00015 |


FILED
MAR - 2 2020
RORY L. PERRY, CLERK
U.S. District Court
Southern District of West Virginia

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 28, 2020__ in the county of __Cabell__ in the
__Southern__ District of __West Virginia__ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2423(b) | Knowingly travel in interstate commerce, that is, from the Columbus, Ohio, area to Huntington, Cabell County, West Virginia, within the Southern District of West Virginia, for the purpose of engaging in illicit sexual conduct with another person, as defined in 18 U.S.C. § 2423(f), or attempt to do so. |

This criminal complaint is based on these facts:
See Affidavit attached hereto.

☑ Continued on the attached sheet.

_____
Complainant's signature

James L. Harrison II, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __03/02/2020__

_____
Judge's signature

City and state: __Huntington, West Virginia__    Cheryl A. Eifert, United States Magistrate Judge
*Printed name and title*

**AFFIDAVIT**

I, James L. Harrison II, being duly sworn, depose and state as follows:

**INTRODUCTION**

1. I am a Special Agent of the Federal Bureau of Investigation ("FBI"), and have been since October 2014. My initial training consisted of a twenty-week FBI new agent course during which I received instruction on various aspects of federal investigations, including the investigation of child pornography and child exploitation cases. Prior to working for the FBI, I was employed by Verizon, in Huntington, West Virginia, as a systems technician installing high capacity data circuits for businesses from 2005 to 2010. In 2010, I was hired by the FBI as an electronics technician. In that capacity I worked on the FBI's security systems and data network until becoming a Special Agent. I am currently assigned to the Pittsburgh Division and stationed at the Charleston Resident Agency in Charleston, West Virginia. As part of my current assignment, I am co-coordinator of the FBI Violent Crimes Against Children (VCAC) Task Force. I have been assigned to the VCAC Task Force since approximately 2015, and as such have been the affiant on numerous search warrants.

2. I make this affidavit in support of an application for a criminal complaint against MAKEL ELBOGHDADY, age 35, charging

him with a violation of 18 U.S.C. § 2423(b). That statute makes it illegal for any person to knowingly travel in interstate commerce for the purpose of engaging in illicit sexual conduct with another person, as defined in 18 U.S.C. § 2423(f), or attempt to do so.

3. The information contained in this affidavit is based on an investigation conducted by a law enforcement employee acting in an undercover capacity and information I obtained from other law enforcement officers involved in this investigation.

4. Since this affidavit is being submitted for the limited purpose of establishing probable cause to secure a criminal complaint and arrest warrant, I have attempted to summarize the most relevant facts that establish the requisite probable cause. Therefore, I have not included each and every fact of this investigation. Additionally, where conversations or statements are related herein, they are set forth in substance and in pertinent part.

**BACKGROUND OF INVESTIGATION**

5. On or about Thursday, February 27, 2020, a law enforcement employee was acting in an undercover capacity ("UCO"). In that role, the UCO had posted an advertisement on Craigslist indicating she was a mother in Huntington, West Virginia, with two daughters. A person later identified as MAKEL ELBOGHDADY responded

to the Craigslist ad and supplied a phone number. The UCO responded to ELBOGHDADY via text message.

6. During the course of the messages, the UCO indicated that she was a mother with two daughters, aged 11 and 13. ELBOGHDADY expressed interest in meeting up with the UCO and her daughters to engage in sexual activity with either the girls and the UCO or just the girls. The UCO indicated that she was not sexually interested in men, and ELBOGHDADY then agreed to just meet up for purposes of sexual activity with the girls. He specifically expressed interest in the 11-year-old girl, whom the UC had stated was a virgin.

7. It was agreed that ELBOGHDADY would bring condoms to the meeting so that neither girl would accidentally get pregnant. ELBOGHDADY and the UCO agreed to meet in person first before she would take ELBOGHDADY to meet the two minors. The meeting was set for a location in Pullman Square, Huntington, Cabell County, West Virginia, at approximately 7 p.m. on February 28, 2020.

8. ELBOGHDADY, who traveled from the Columbus, Ohio, area to the meeting location in Huntington, arrived and met with the UCO. During a recorded conversation, ELBOGHDADY and the UCO engaged in further discussion about the sexual activity that ELBOGHDADY wanted to engage in with both the 11 and 13 year old girls, specifically sexual intercourse. At the end of the conversation,

ELBOGHDADY and the UCO left the location to purportedly travel to meet the minor girls. Upon leaving the meeting location, ELBOGHDADY and the UCO were arrested by law enforcement. ELBOGHDADY had purchased condoms and brought them with him.

## CONCLUSION

9.  Based upon the information provided above, your affiant alleges that there exists probable cause to believe that MAKEL ELBOGHDADY knowingly violated 18 U.S.C. § 2423(b), in that on or about February 28, 2020, he knowingly traveled in interstate commerce, that is, from the Columbus, Ohio area to Huntington, Cabell County, West Virginia, within the Southern District of West Virginia, for the purpose of engaging in illicit sexual conduct with another person, as defined in 18 U.S.C. § 2423(f), or attempted to do so.

_____
James L. Harrison II
Special Agent
Federal Bureau of Investigation

Sworn and subscribed in my presence this 2nd day of March, 2020.

_____
CHERYL A. EIFERT
United States Magistrate Judge